**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| DONALD GENTRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:10-cv-421 |
| vs. | ) | |
| | ) | |
| ASSET ACCEPTANCE, LLC and | ) | |
| NORTHLAND GROUP, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, DONALD GENTRY, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendants, ASSET ACCEPTANCE, LLC ("Asset") and NORTHLAND GROUP, INC. ("Northland"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

**JURISDICTION AND VENUE**

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.     Plaintiff is an individual who was at all relevant times residing in Cincinnati, Ohio.

4.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5.     At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

6.     On information and belief, Defendant Asset is a limited liability company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Warren, Michigan.

7.     On information and belief, Defendant Northland is a corporation of the State of Minnesota, which is licensed to do business in Ohio and which has its principal place of business in Edina, Minnesota.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8.     On or about September 1, 2009, Defendant Northland, acting as the authorized agent of Defendant Asset, began contacting Plaintiff by telephone multiple times per day in attempts to collect an alleged debt, but failed to identify themselves as debt collectors during the course of each conversation.

9.     At times, the aforementioned telephone calls from Defendant Northland's representatives and/or employees numbered more than two (2) per day and more than twenty (20) per month.

2

10.     Some of the aforementioned telephone calls were placed to Plaintiff at his place of employment even after Plaintiff informed the callers that Plaintiff's employer did not permit him to receive such telephone calls while he was working.

11.     During at least one of the aforementioned telephone calls, Defendant Northland's representative and/or employee stated to Plaintiff that Defendant Northland could take Plaintiff "to court and win a garnishment."

12.     During at least one of the aforementioned telephone calls, Defendant Northland's representative and/or employee stated to Plaintiff that Defendant Northland could sue Plaintiff for his house.

13.     However, to date, Plaintiff is not aware of any legal action having been initiated against Plaintiff in an attempt to collect the aforementioned alleged debt.

14.     During at least one of the aforementioned telephone calls, Defendant Northland's representative and/or employee falsely represented to Plaintiff that he had previously made a payment towards the alleged debt, when in fact Plaintiff has always maintained that he was a victim of identity theft and denied that the alleged debt was incurred by him.

15.     All of the actions of Defendant Northland as described above were undertaken as the authorized agents of Defendant Asset.

16.     In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

        a.     Communicating with Plaintiff at his place of employment after he advised Defendants that his employer prohibited him from receiving such phone calls while he is working, in violation of 15 U.S.C. § 1692c(a)(3);

b.      Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

c.      Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

d.      Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendants did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

e.      Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

f.      Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

g.      Failing to disclose during every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

h.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

17.    As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DONALD GENTRY, respectfully prays for a judgment against Defendants as follows:

4

a.     Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.     Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

18.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

19.     Defendants' actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

20.     Defendants are "suppliers" as defined in Ohio Rev. Code § 1345.01(C), as Defendants are in the business of effecting or soliciting consumer transactions.

21.     Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendants herein.

22.     Defendants' actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

23.     Defendants, through their agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

24.     As a result of Defendants' unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, DONALD GENTRY, respectfully prays for a judgment against Defendants as follows:

a.      Statutory damages of $200.00 from each Defendant for each violation of the OCSPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
dlevin@attorneysforconsumers.com